**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MEGAN MANNOR, Individually
and on behalf of all
other similarly situated individuals,   Case No.

    Plaintiffs,   Hon.

v.

AMERILODGE GROUP, LLC.,

    Defendant.

_____

Noah S. Hurwitz (P74063)
NACHTLAW, P.C.
Attorneys for Plaintiff
101 N. Main Street, Ste. 555
Ann Arbor, MI 48104
(734) 663-7550
nhurwitz@nachtlaw.com

_____

There is no other pending or resolved civil action arising out
of this transaction or occurrence alleged in the complaint.

## **COMPLAINT AND JURY DEMAND**

Plaintiff Megan Mannor, individually and behalf of all similarly situated individuals (hereinafter "Plaintiffs"), by and through their attorneys, NACHTLAW, P.C., hereby allege as follows:

## INTRODUCTION

1. This is a civil class action for money damages, liquidated damages, costs, attorneys' fees and other relief against Defendant Amerilodge Group, LLC. (hereinafter "Defendant").

2. Plaintiffs' claims arise out of Defendant's misclassification of its Assistant General Managers (hereinafter "AGMs") as employees that are exempt from overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*.

3. This action is brought pursuant to the opt-in collective action provisions of the FLSA, 29 U.S.C. § 216(b) (sometimes referred to as an "opt-in" class action).

4. Plaintiffs brings this action on her own behalf and on behalf of all other AGMs of Defendant, present and former, who were and/or are affected by the actions, pay schemes, policies and procedures of any of Defendant's Michigan hotels. In addition, Plaintiff brings this action in her individual capacity, separate and apart from the collective action claims set forth herein.

## PARTIES AND JURISDICTION

5. Plaintiff Megan Mannor is an individual residing in Fenton, Michigan, which is located in Genesee County.

6. Defendant is a company with its registered business address in Bloomfield Hills, Michigan, which is located in Oakland County.

7. This Court has general federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiffs bring their claims pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

8. Venue is proper in this Court because Defendant's registered business address is located within the Eastern District of Michigan.

## GENERAL ALLEGATIONS

9. Defendant is a for-profit company that operates a large chain of hotels in Indiana, Ohio, and Michigan.

10. At all times relevant to this Complaint, Plaintiffs and other similarly situated individuals are/were employed as AGMs at Defendant's hotels

11. Defendant employs AGMs in all of its hotels.

12. The basic duties of an AGM are the same at every hotel and are primarily made up of non-managerial tasks, including performing housekeeping, laundry, maintenance, reception, cleaning the indoor and outdoor premises, and attending to COVID-19 protocols.

13. AGMs are not separately trained to perform managerial duties.

14. Plaintiff does not schedule employees.

15. Plaintiff does not make final hiring decision.

16. Plaintiff does not have discretion to terminate hotel employees.

17. Plaintiff cannot set and/or adjust rates of pay and hours of work.

18. Plaintiff does not have discretion to direct the work of other employees.

19. Plaintiff does not have discretion to make status changes or recommend promotion.

20. Plaintiff cannot discipline employees.

21. Plaintiff does not have a role in planning and/or controlling the budget.

22. Defendant pays all its AGMs a salary for work performed but does not pay AGMs overtime compensation for the hours they worked in excess of forty (40) hours a week.

23. Plaintiffs and other similarly situated individuals consistently and regularly work more than forty (40) hours per week but are not compensated for their overtime work by Defendant.

24. Defendant classifies all AGMs as exempt from the overtime pay requirements of the FLSA and applicable state law, regardless of property location, sales volume, property size, climate, experience, number of AGMs in a location, prior experience, the number of employees in that location, the shift they worked, the category of AGM they are, or other factors

25. The primary duty of each AGM is to perform the non-managerial labor that other subordinate coworkers are tasked with performing.

26. The AGM is worked excessive hours to compensate for Defendant's refusal to hire non-exempt personnel to perform non-managerial tasks, such as

cleaning, housekeeping, reception, and maintenance.

27. Defendant also requires that all AGMs report directly to a General Manager, who is the real management authority at the hotel.

28. Any management duties assigned to AGMs are routine and supervised by their superiors.

29. AGMs are not given significant discretion to manage subordinates.

30. The management work performed by AGMs does not take priority over non-managerial tasks.

31. AGMs are told to always be "on-call" and ready to report to the hotel in order to perform the job duties of non-managerial employees.

32. AGMs receive voice calls, text messages and Slack messages outside of scheduled work hours.

33. Plaintiff and other similarly situated individuals do not always direct the work of at least two or more other full-time employees or their equivalent.

34. The work performed by AGMs renders them non-exempt.

35. Defendant applied its policy and practice of not paying overtime compensation to employees who were designated as AGMs in the same manner to all AGMs.

36. As a result of the misclassification as exempt employees, Defendant's AGMs were and/or are being unlawfully deprived of overtime compensation for all hours worked in excess of forty (40) per week.

37. With respect to the collective action claims under the FLSA, the collective action class is defined as (a) all current and former AGMs who worked for Defendant at any time from three (3) years preceding the filing of this lawsuit through the culmination of this litigation at any of Defendant's hotels. Plaintiffs reserve the right to amend said class definition consistent with information obtained through discovery.

38. With respect to Plaintiffs' Michigan law claims, Plaintiffs seeks relief for themselves and on behalf of (a) all current and former AGMs who worked for Defendant at any time from three (3) years preceding the filing of this lawsuit through the culmination of this litigation at any of Defendant's hotels. Plaintiffs reserve the right to amend said class definition consistent with information obtained through discovery.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFFS, INDIVIDUALLY, AND ON BEHALF OF ALL OTHER SIMILARLY SITUATED EMPLOYEES, CURRENT AND FORMER**

39. Plaintiff incorporates all proceeding paragraphs above as though fully stated herein.

40. The collective action class which Plaintiffs seek to certify as a FLSA, 29 U.S.C. § 216(b) "opt-in" Class Action is defined as all current and former AGMs who worked for Defendant at any time from three (3) years preceding the filing of this lawsuit through the culmination of this litigation at any of Defendant's hotels. Plaintiffs reserve the right to amend said class definition consistent with information obtained through discovery.

41. At all times relevant to this Complaint, Plaintiffs were Defendant's employees within the meaning of the FLSA, 29 U.S.C. § 201 *et seq*.

42. At all times relevant to this Complaint, Defendant was Plaintiff's employer within the meaning of the FLSA.

43. At all times relevant to this Complaint, Defendant has been, and continues to be, an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203.

44. Defendant violated the FLSA when it failed to pay Plaintiffs and other similarly situated AGMs proper overtime compensation for hours worked in excess of forty (40) per week.

45. Defendant has a policy and practice of failing and refusing to pay Plaintiffs and all other similarly situated employees for all hours worked in violation of the FLSA, 29 U.S.C. §§ 201, *et seq*.

46. Defendant's conduct in this regard was a willful violation of the FLSA.

47. As a result of Defendant's unlawful acts, Plaintiffs and all other similarly situated current and former employees are being deprived of earned wages in amounts to be determined at trial. They are entitled to compensation for unpaid overtime wages, interest, liquidated damages, attorneys' fees and costs, and any other remedies available at law or in equity.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiffs claim, individually and on behalf of all other similarly situated as follows:

a. Designation of this action as a collective action pursuant to the FLSA and prompt issuance of notice pursuant to 29 U.S.C. § 216(b);

b. An award of unpaid overtime wages under the FLSA and Michigan state law;

c. An award of liquidated damages under the FLSA and Michigan state law;

d. Interest;

e. Attorneys' fees and costs under the FLSA and Michigan state law; and

f. Such other relief as in law or equity may pertain.

                                              Respectfully Submitted,
                                              NACHTLAW, P.C.
                                              /s/ *Noah S. Hurwitz*
                                              Noah S. Hurwitz (P74063)
                                              Attorneys for Plaintiff

                                                                                                101 N. Main Street, Suite 555  
                                                                                                 Ann Arbor, MI 48104  
                                                                                                  (734) 663-7550

Dated: June 11, 2021

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MEGAN MANNOR, Individually
and on behalf of all
other similarly situated individuals,        Case No.

    Plaintiffs,                                 Hon.

v.

AMERILODGE GROUP, LLC.,

    Defendant.
_____

Noah S. Hurwitz (P74063)
NACHTLAW, P.C.
Attorneys for Plaintiff
101 N. Main Street, Ste. 555
Ann Arbor, MI 48104
(734) 663-7550
nhurwitz@nachtlaw.com
_____

## **DEMAND FOR TRIAL BY JURY**

NOW COMES Plaintiff Megan Mannor, by and through his attorneys, NachtLaw, P.C., hereby demand a jury trial in the above-captioned matter for all issues so triable.

                                        Respectfully Submitted,

                                        NACHTLAW, P.C.

                                        /s/ *Noah S. Hurwitz*
                                        Noah S. Hurwitz (P74063)
                                        Attorneys for Plaintiff
                                        101 N. Main Street, Suite 555
                                        Ann Arbor, MI 48104
                                        (734) 663-7550

Dated: June 11, 2021