## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MEGAN MANNOR, Individually
and on behalf of all
other similarly situated individuals,

Case No. 21-cv-11378

    Plaintiffs,

Hon. Stephen J. Murphy, III

v.

AMERILODGE GROUP, LLC.,

    Defendant.

| | |
|---|---|
| Noah S. Hurwitz (P74063) | Allan S. Rubin (P44420) |
| NACHTLAW, P.C. | Daniel C. Waslawski (P78037) |
| Attorneys for Plaintiff | Elyse K. Culberson (P82132) |
| 101 N. Main Street, Ste. 555 | JACKSON LEWIS P.C. |
| Ann Arbor, MI 48104 | Attorneys for Defendant |
| (734) 663-7550 | 2000 Town Center, Ste. 1650 |
| nhurwitz@nachtlaw.com | Southfield, MI 48075 |
| | (248) 936-1900 |
| | Allan.Rubin@jacksonlewis.com |
| | Daniel.Waslawski@jacksonlewis.com |
| | Elyse.Culberson@jacksonlewis.com |

### PLAINTIFFS' MOTION TO STRIKE AFFIRMATIVE DEFENSES

Plaintiff Megan Mannor, individually and on behalf of all other similarly situated individuals, by and through her attorneys, NACHTLAW, P.C., respectfully moves this Court to strike Defendant's Affirmative Defenses #2, #10 and #13 pursuant to Federal Rule of Civil Procedure 12(f).  In support of the motion, Plaintiff states as follows:

1

1.     Plaintiff and other similarly situated individuals were employed as Assistant General Managers (hereinafter "AGMs") at hotels owned by Defendant Amerilodge Group, LCC (hereinafter "Defendant") hotels. (ECF No. 1, PageID. 2.) Plaintiffs' claims arise out of Defendant's acts to misclassify its AGMs as overtime exempt employees in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.  Id.*

2.     On August 10, 2021, Defendant filed its First Amended Answer to Plaintiff's Complaint and Affirmative Defenses.  (ECF No. 10.)

### Defendant's Affirmative Defense #2

3.     Defendant's Affirmative Defense #2 states, "Plaintiff's claims, and some or all the claims of the putative collective class, are barred by the existence of an arbitration agreement containing class and collective action waivers such that this case must be litigated individually and in arbitration."

4.     Plaintiff filed this action without knowledge of any purported arbitration agreement because Defendant failed to provide Plaintiff with a personnel file pursuant to a February 23, 2021 request.

5.     On Thursday, August 26, 2021, Defendant for the first time provided Plaintiff with bates numbered documents Amerilodge (Mannor) 000001-000026. (**Exhibit 1**, 000001-000026.)  The documents contain (a) the Amerilodge Group Employee Handbook (3/1/2917 Edition); (b) an unsigned document titled "Contract

2

Between Employee and Amerilodge Group, LLC and Acknowledgement and Acceptance of Employee Handbook"; and (c) a separate unpaginated document titled "Acknowledgement and Receipt," which contains Plaintiff's printed name, employee number and the date October 24, 2019. *Id*.

6.     The "Contract Between Employee and Amerilodge Group, LLC and Acknowledgement and Acceptance of Employee Handbook" contains lines for Defendant and Plaintiff to sign, but the document is entirely unsigned. *Id*.

7.     The separate unpaginated document titled "Acknowledgement and Receipt," which contains Plaintiff's printed name, employee number and the date October 24, 2019, purports to be Plaintiff's signed acknowledgement of the Employee Handbook.

8.     However, Plaintiff can proceed with her lawsuit because the Employee Handbook containing the unsigned document titled "Contract Between Employee and Amerilodge Group, LLC and Acknowledgement and Acceptance of Employee Handbook" invalidates the arbitration language when it states, "Nothing in this handbook constitutes a contract or an offer to enter into a contract . . . Amerilodge reserves the right to modify or terminate any of its policies or rules at any time with or without notice." *See* Exhibit 1, 000002.

9.     Pursuant to the Michigan Supreme Court's holding in *Heurtebise v. Reliable Bus. Computers*, 452 Mich. 405, 414 (1996) and its progeny, courts do not

3

enforce arbitration agreements residing in employee handbooks that specifically state they do not form a contract between the employer and employee.

## Defendant's Affirmative Defense #10

10.    Defendant's Affirmative Defense #10 states, "Plaintiff's attempt to pursue her claim as a collective action violates Defendant's constitutional rights to due process because Defendant has a due process right to raise every defense applicable to Plaintiff, opt-in plaintiffs, and putative class members at every stage of this action."

11.    Plaintiff moves to strike Affirmative Defense #10 because Defendant fails to show that its defenses are individually tailored to both named and unnamed plaintiffs, and instead merely relies on conclusory statements.

12.    Defendant will likely argue that its constitutional rights to due process permit it to raise individualized defenses for each opt-in plaintiff in this collective action lawsuit.  However, the Sixth Circuit has already held that individualized defenses alone do not warrant decertification where sufficient common issues or job traits otherwise permit collective litigation.  *See Monroe v. FTS USA, LLC*, 860 F.3d 389, 404 (6th Cir. 2017)

## Defendant's Affirmative Defense #13

13.    Defendant's Affirmative Defense #13 states, "To the extent overtime is owed, it is owed on a half-time basis."

14.     Defendant's Affirmative Defense #13 likely relies on *Overnight Motor Transportation Co. V. Missel*, which held that employees who work beyond 40 hours in a given work week should be calculated at a rate not less than on-half of the employee's regular rate of pay.   However, Affirmative Defense #13 should be stricken because courts within the Sixth Circuit have precluded employers from retroactively applying the "half-time" method in FLSA misclassification cases.

15.     Accordingly, Plaintiffs move this Court to strike Defendant's Affirmative Defenses #2, #10 and #13 because at this juncture these affirmative defenses cannot succeed despite any state of the facts which could be proved in support of the defense and are inferable from the pleadings.

16.     Pursuant to L.R. 7.1, Plaintiff requested Defendant's concurrence for the relief sought in the instant Motion on August 4, 2021.   After a series of emails, Defendant did not concur in the relief sought.

WHEREFORE, for the reasons stated above as well as those stated in the accompanying Brief in Support, Plaintiffs respectfully request that this Court grant this Motion to Strike.

                                        Respectfully submitted
                                        NACHTLAW, P.C.
                                        */s/ Noah S. Hurwitz*
                                        Noah S. Hurwitz (P74063)
                                        *Attorney for Plaintiff*

Date: August 30, 2021

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MEGAN MANNOR, Individually
and on behalf of all
other similarly situated individuals,

      Plaintiffs,

v.

AMERILODGE GROUP, LLC.,

      Defendant.

Case No. 21-cv-11378

Hon. Stephen J. Murphy, III

| | |
|---|---|
| Noah S. Hurwitz (P74063) | Allan S. Rubin (P44420) |
| NACHTLAW, P.C. | Daniel C. Waslawski (P78037) |
| Attorneys for Plaintiff | Elyse K. Culberson (P82132) |
| 101 N. Main Street, Ste. 555 | JACKSON LEWIS P.C. |
| Ann Arbor, MI 48104 | Attorneys for Defendant |
| (734) 663-7550 | 2000 Town Center, Ste. 1650 |
| nhurwitz@nachtlaw.com | Southfield, MI 48075 |
| | (248) 936-1900 |
| | Allan.Rubin@jacksonlewis.com |
| | Daniel.Waslawski@jacksonlewis.com |
| | Elyse.Culberson@jacksonlewis.com |

## BRIEF IN SUPPORT OF PLAINTIFF'S
## MOTION TO STRIKE AFFIRMATIVE DEFENSES

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................ ii

TABLE OF AUTHORITIES ...................................................... iii

STATEMENT OF QUESTIONS PRESENTED .................................... vi

STATEMENT OF FACTS ........................................................1

STANDARD OF REVIEW ........................................................2

ARGUMENT .......................................................................3

   I. DEFENDANT'S AFFIRMATIVE DEFENSE #2 SHOULD BE STRICKEN BECAUSE THE PARTIES NEVER FORMED A VALID CONTRACT TO ARBITRATE. ....................................................................3

   II. DEFENDANT DOES NOT POSSESS A CONSTITUTIONAL RIGHT TO "RAISE EVERY DEFENSE APPLICABLE TO PLAINTIFF, OPT-IN PLAINTIFFS, AND PUTATIVE CLASS MEMBERS AT EVERY STAGE OF THIS ACTION." ........................................................................8

   III. DEFENDANT'S AFFIRMATIVE DEFENSE #13 SHOULD BE STRICKEN BECAUSE LEGAL AUTHORITY IN THIS CIRCUIT DOES NOT FAVOR THE RETROACTIVE APPLICATION OF THE HALF-TIME METHOD IN FLSA MISCLASSIFICATION CASES. ....................................10

CONCLUSION ...................................................................13

# TABLE OF AUTHORITIES

## Cases

*Ameriwood Industries Intern Corp. v. Arthur Andersen & Co.*, 961 F. Supp. 1078, (W.D. Mich. 1997)................................................................................2

*APB Associates, Inc. v. Bronco's Saloon, Inc.*, 297 F.R.D. 302, 322 (E.D. Mich. 2013) ......................................................................................8

*Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392, 80 S.Ct. 453, 4 L.Ed.2d 393 (1960)......................................................................................11

*Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 630-31 (2009)...............................4

*Bridewell v. Cinciannti Reds*, 155 F.3d 828, 831 (6th Cir. 1998) ...........................11

*Comer v. Wal-Mart Stores, Inc*., 454 F.3d 544, 546 (6th Cir. 2006)........................9

*Compressor Eng'g Corp. v. Mfrs. Fin. Corp.*, 292 F.R.D. 433, 454 (E.D. Mich. 2013) ......................................................................................8

*Cook. v. Carestar*, *Inc*., No. 2:11-CV-00691, 2013 WL 5477148, at *11 (S.D.Ohio Sept.16, 2013) ...............................................................................12

*Cowan v. Treetop Enters.,* 163 F.Supp.2d 930, 941 (M.D.Tenn.2001) .................12

*Federal Nat'l Mortg. Ass'n. v. Emperian at Riverfront, LLC*, No 11-14119, 2013 WL 5500027, at *7 (E.D. Mich. Oct 3, 2013) .......................................................3

*Floss v. Ryan's Family Steak Houses*, Inc., 211 F.3d 306, 315 (6th Cir. 2000) ........6

*Hammel v. Foor*, 359 Mich. 392, 102 N.W.2d 196, 200 (1960) ..............................5

*Heavenridge v. Ace–Tex Corp.,* No. 92–75610, 1993 WL 603201, at *4 (E.D.Mich. Sept.3, 1993) ...............................................................................13

*Hergenreder v. Bickford Senior Living Group, LLC*, 656 F.3d 411, 416-17 (6th Cir. 2011) ..................................................................................4, 6

*Heurtebise v. Reliable Business Computers, Inc*., 550 N.W.2d 243, 247 (Mich.1996) ................................................................................4

*In re OnStar Contract Litig.*, 278 F.R.D. 352, 375 (E.D. Mich. 2011) .....................8

*Kennedy v. City of Cleveland*, 797 F.2d 297, 305 (6th Cir. 1986) ............................2

*Kloian v. Domino's Pizza L.L.C.*, 273 Mich.App. 449, 733 N.W.2d 766, 770
(2006) ...........................................................................................................5

*Lewis v. Huntington Nat'l Bank*, 833 F.Supp.2d 703 (S.D. Ohio 2012) ................11

*Machesney v. Lar-Bev of Howell, Inc.*, No. 10-10085, at *39 (E.D. Mich. Apr. 22,
2013) ............................................................................................................8

*McCoy v. N. Slope Borough,* No. 3:13–CV–00064–SLG, 2013 WL 4510780, at
*19 (D.Alaska Aug.26, 2013) ...................................................................13

*Monroe v. FTS USA, LLC*, 860 F.3d 389, 404 (6th Cir. 2017) .................................9

*Operating Engineers Local 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d
1045, 1050 (6th Cir. 2015).......................................................................3

*Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 581, 62 S.Ct. 1216, 86 L.Ed.
1682 (1942) ..............................................................................................11

*Ransom v. M. Patel Enters., Inc.,* 825 F.Supp.2d 799, 808 (W.D.Tex.2011) .........13

*Seawright v. Am. Gen. Fin. Servs., Inc*., 507 F.3d 967, 979 (6th Cir. 2007)............6

*Snodgrass,* 2015 WL 1246640 at *7 (S.D. Ohio Mar. 18, 2015) ............................12

*Stultz v. J.B. Hunt Transp., Inc.,* No. 13–CV–13705, 2014 WL 3708807, at *3
(E.D.Mich. July 28, 2014) ......................................................................12

*Thiessen v. Gen. Elec. Cap. Corp.*, 267 F.3d 1095, 1111 (10th Cir. 2001)..............9

*Wallace v. Countrywide Home Loans Inc.,* No. SACV 08–1463–JST, 2013 WL
1944458, at *7 (C.D.Cal. Apr.29, 2013) ..............................................13

*Whalen v. United States*, 85 Fed. Cl. 380, 383 (2009) .............................................9

*Zulewski v. Hershey Co.,* Case No. CV 11B05117BKAW, 2013 WL 633402, at *6
(N.D.Cal. Feb.20, 2013) .........................................................................13

**Statutes**

29 U.S.C. §§ 201, et seq.............................................................................................1

**Rules**

Fed R Civ P 12(f) .....................................................................................................2

## STATEMENT OF QUESTIONS PRESENTED

I.      Whether the employee handbook acknowledgement at issue here constitutes a binding contract where it states that "[n]othing in this handbook constitutes a contract or an offer to enter into a contract . . . Amerilodge reserves the right to modify or terminate any of its policies or rules at any time with or without notice" and courts have consistently declined to enforce arbitration agreements that specifically state they do not form a contract between the employer and employee.

**Plaintiff answers "No"**

**This Court Should Answer "No"**

II.      Whether Defendant possesses a constitutional due process right to raise separate individualized defenses for each plaintiff in this opt-in lawsuit under the FLSA.

**Plaintiff answers "No."**

**This Court should answer "No."**

III.      Whether the FWW calculation can be applied retroactively in an opt-in misclassification case to compensate employees' owed overtime wages at a rate not less than one-half of the employees' regular rate of pay.

**Plaintiff answers "No."**

**This Court should answer "No."**

## <u>STATEMENT OF FACTS</u>

Defendant operates several hotels in Indiana, Ohio, and Michigan. (ECF No. 7, PageID.23.)   Plaintiff was employed as an Assistant General Manager at Defendant's hotel.   (ECF No. 7, PageID. 24.)   Plaintiff alleges that Defendant misclassify its Assistant General Managers as overtime exempt employees in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq.   (ECF No. 1, PageID. 2.)

Defendant's Affirmative Defense #2 states, "Plaintiff's claims, and some or all the claims of the putative collective class, are barred by the existence of an arbitration agreement containing class and collective action waivers such that this case must be litigated individually and in arbitration."   (ECF No. 10, PageID. 48.) Defendant's Affirmative Defense #10 states, "Plaintiff's attempt to pursue her claim as a collective action violates Defendant's constitutional rights to due process because Defendant has a due process right to raise every defense applicable to Plaintiff, opt-in plaintiffs, and putative class members at every stage of this action." (ECF No. 10, PageID. 50.)   Defendant's Affirmative Defense #13 states, "[t]o the extent overtime is owed, it is owed on a half-time basis."   *Id.*

Defendant produced to Plaintiff an employee handbook bates numbered as documents "Amerilodge (Mannor) 000001-000026." (**Exhibit 1**, 000001-000026.) The documents contain (a) the Amerilodge Group Employee Handbook (3/1/2917

1

Edition); (b) an unsigned document titled "Contract Between Employee and Amerilodge Group, LLC and Acknowledgement and Acceptance of Employee Handbook"; and (c) a separate unpaginated document titled "Acknowledgement and Receipt," which contains Plaintiff's printed name, employee number and the date October 24, 2019. *Id*. The "Contract Between Employee and Amerilodge Group, LLC and Acknowledgement and Acceptance of Employee Handbook" contains lines for Defendant and Plaintiff to sign, but the document is entirely unsigned. *Id*. A separate unpaginated document titled "Acknowledgement and Receipt," which contains Plaintiff's printed name, employee number and the date October 24, 2019, purports to be Plaintiff's signed acknowledgement of the Employee Handbook.

## **STANDARD OF REVIEW**

Fed R Civ P 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The function of the motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with" them early in the case. *Kennedy v. City of Cleveland*, 797 F.2d 297, 305 (6th Cir. 1986). "Ultimately, the decision to strike a pleading is firmly within the discretion of the court." *Ameriwood Industries Intern Corp. v. Arthur Andersen & Co.*, 961 F. Supp. 1078, 1083 (W.D. Mich. 1997). Additionally, the Sixth Circuit has found that "[a] motion to strike should be granted if it appears to a certainty that plaintiffs would succeed

2

despite any state of the facts which could be proved in support of the defense and are inferable from the pleadings." *Operating Engineers Local 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015).  This District has found that "[s]triking an affirmative defense pursuant to Rule 12(f) is also proper if it aids in eliminating spurious issues before trial, thereby streamlining the litigation." *Federal Nat'l Mortg. Ass'n. v. Emperian at Riverfront, LLC*, No 11-14119, 2013 WL 5500027, at *7 (E.D. Mich. Oct 3, 2013).

## ARGUMENT

At issue in this motion is whether (a) Plaintiff will be required to arbitrate her FLSA claim; (b) Defendant is entitled under due process to raise individualized defenses against Plaintiff, opt-in plaintiffs, and putative class members at every stage of this action; and (c) Whether the half-time calculation methodology can be applied retroactively in an opt-in misclassification case.  For the following reasons, Defendant's Affirmative Defenses #2, #10 and #13 do not pass muster based on the present set of undisputed facts and must be stricken from Defendant's August 10, 2021 Amended Complaint.

## I.   DEFENDANT'S AFFIRMATIVE DEFENSE #2 SHOULD BE STRICKEN BECAUSE THE PARTIES NEVER FORMED A VALID CONTRACT TO ARBITRATE.

It is undisputed that an arbitration provision is unenforceable if it is not a binding contract. *Heurtebise v. Reliable Business Computers, Inc.*, 550 N.W.2d 243,

247 (Mich.1996).  The Court reviews enforceability of arbitration agreements in line with general state law for contract formation.  "State law . . . is applicable to determine which contracts are binding . . . concerning the validity, revocability, and enforceability of contracts generally."  *Hergenreder v. Bickford Senior Living Group, LLC*, 656 F.3d 411, 416-17 (6th Cir. 2011), quoting *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 630-31 (2009).  Contract formation under Michigan law requires (1) parties competent to contract; (2) a proper subject matter; (3) legal consideration; (4) mutuality of agreement; and (5) mutuality of obligation.  *Id*. at 417.  Here, the "Contract Between Employee and Amerilodge Group, LLC and Acknowledgement and Acceptance of Employee Handbook" that is attached to the Employee Handbook is unenforceable because (a) the contract is not signed by either Plaintiff or Defendant; and (b) Plaintiff's purported signature on a separate document titled "Acknowledgement and Receipt" that fails to mention anything about arbitration does not constitute a binding arbitration contract due to lack of mutuality of agreement or mutuality of obligation.

There are three documents included within Exhibit 1 that are critical to this issue.  The first is the Amerilodge Group Employee Handbook (3/1/2917 Edition).  (*see* Exhibit 1, Amerilodge(Mannor)000001—000023.)   There is a separate document titled "Contract Between Employee and Amerilodge Group, LLC and Acknowledgement and Acceptance of Employee Handbook" that has not been

signed by either party.  *Id.* at 000024—000025.)  Finally, there is another separate unpaginated document titled "Acknowledgement and Receipt," which contains Plaintiff's printed name, employee number and the date October 24, 2019.  *Id.* at 000026.  The documents, treated individually or as a whole, do not legally bind Plaintiff to arbitrate her claims against Defendant.

Whether the parties have mutually agreed to be bound "is judged by an objective standard, looking to the express words of the parties and their visible acts, not their subjective states of mind."  *Kloian v. Domino's Pizza L.L.C.*, 273 Mich.App. 449, 733 N.W.2d 766, 770 (2006).  The party seeking to enforce a contract has the burden of showing that it exists. *Hammel v. Foor*, 359 Mich. 392, 102 N.W.2d 196, 200 (1960).  The arbitration provision in the "Contract Between Employee and Amerilodge Group, LLC and Acknowledgement and Acceptance of Employee Handbook" objectively does not constitute a binding contract because the document contains signatory lines for Defendant and Plaintiff to sign, but the document is not signed by either party.

Likewise, the separate unpaginated document titled "Acknowledgement and Receipt" does not constitute a binding contract because, although the document purports to be Plaintiff's signed acknowledgement of the Employee Handbook, it is undisputed that Page Two of Employee Handbook states, "[n]othing in this handbook constitutes a contract or an offer to enter into a contract . . . Amerilodge

reserves the right to modify or terminate any of its policies or rules at any time with or without notice." *See* Exhibit 1, 000002.  Of course, courts do not enforce arbitration provisions within handbooks that specifically state they do not form a contract between the employer and employee.  *Hergenreder*, 656 F.3d at 418; *Heurtebise*, 452 Mich. at 414; *Seawright v. Am. Gen. Fin. Servs., Inc*., 507 F.3d 967, 979 (6th Cir. 2007).  Moreover, "an illusory promise arises when a promisor retains the right to decide whether or not to perform the promised act."  *Floss v. Ryan's Family Steak Houses*, Inc., 211 F.3d 306, 315 (6th Cir. 2000).  Here, because the Employee Handbook contains the express caveat that it is not a contract, Defendant's arbitration language in the Employee Handbook is illusory and unenforceable.

Even if Plaintiff signed the "Acknowledgment and Receipt" document electronically (which Plaintiff will later testify she did not—although that is not relevant for this motion), Plaintiff was only agreeing to a document that did not contain a contractual obligation to arbitrate in lieu of filing a lawsuit.  In *Heurtebise*, the Michigan Supreme Court addressed whether an arbitration provision found in an employee handbook was binding on an employee.  *Heurtebise*, 452 Mich. at 407-09. The *Heurtebise* plaintiff had signed an acknowledgment form stating that she agreed to be bound by the terms of the handbook.  *Id.* at 408-409.  However, the handbook also stated that "the Policies specified herein do not create any employment or personal contract, express or implied," and that the employer had the right to change

6

the company's policies in the handbook "at its sole discretion." *Id.* at 413.   The

Michigan Supreme Court held that this language demonstrated the employer did not

intend to be bound by the provisions contained in the handbook, and, thus, the

handbook did not create an enforceable contract.  *Id.* at 414.

As in *Heurtebise*, the Employee Handbook at issue here demonstrates that

Defendant never intended to create a contract.  Page Two of the Employee Handbook

explicitly states that "[n]othing in this handbook constitutes a contract or an offer to

enter into a contract."  *See* Exhibit 1, 000002.  Moreover, Defendant reserved the

ability to unilaterally change or modify the policies contained in the Handbook, with

or without notice to the employees when it stated, "Amerilodge reserves the right to

modify or terminate any of its policies or rules at any time with or without notice."

*Id.*  This language, as in *Heurtebise*, demonstrates that Defendant did not intend to

be bound to any provision contained in the Employee Handbook.   Looking

objectively at the words in the Employee Handbook, it is abundantly clear that

Defendant did not intend to be bound by its contents.  That is precisely why there

was a separate standalone arbitration agreement titled "Contract Between Employee

and Amerilodge Group, LLC and Acknowledgement and Acceptance of Employee

Handbook."   However, since it is undisputed that the standalone arbitration

agreement was not signed, this matter is analogous to *Heurtebise* and there is no

enforceable contract to arbitrate.

## II. DEFENDANT DOES NOT POSSESS A CONSTITUTIONAL RIGHT TO "RAISE EVERY DEFENSE APPLICABLE TO PLAINTIFF, OPT-IN PLAINTIFFS, AND PUTATIVE CLASS MEMBERS AT EVERY STAGE OF THIS ACTION."

Defendant's Affirmative Defense #10 states, "Plaintiff's attempt to pursue her claim as a collective action violates Defendant's constitutional rights to due process because Defendant has a due process right to raise every defense applicable to Plaintiff, opt-in plaintiffs, and putative class members at every stage of this action." (ECF No. 10, PageID. 50.)  When Plaintiff's counsel sought concurrence on a request to voluntarily strike Affirmative Defense #10, Defendant relied on legal authority that is inapposite to FLSA collective action matters.[1]  Critically, however, none of these cases pertain to FLSA collective actions.

In contrast to Rule 23 class actions, an FLSA collective action is not subject to the numerosity, commonality, typicality, and representativeness requirements of

---

[1] Defense Counsel cited the following: *Machesney v. Lar-Bev of Howell, Inc.*, No. 10-10085, at *39 (E.D. Mich. Apr. 22, 2013) ("As the Supreme Court has noted, a 'class cannot be certified on the premise that [a defendant] will not be entitled to litigate its statutory defenses to individual claims.'"); *Compressor Eng'g Corp. v. Mfrs. Fin. Corp.*, 292 F.R.D. 433, 454 (E.D. Mich. 2013) ("As the Supreme Court has noted, a ' class cannot be certified on the premise that [a defendant] will not be entitled to litigate its statutory defenses to individual claims. '"); *APB Associates, Inc. v. Bronco's Saloon, Inc.*, 297 F.R.D. 302, 322 (E.D. Mich. 2013) ("As the Supreme Court has noted, a ' class cannot be certified on the premise that [a defendant] will not be entitled to litigate its statutory defenses to individual claims.'"); *In re OnStar Contract Litig.*, 278 F.R.D. 352, 375 (E.D. Mich. 2011) ("As this Court explained in Serrano, where a defendant has unique defenses against each class member's individual claim, a case is unsuitable for class action.").

a traditional Rule 23 class action. *Whalen v. United States*, 85 Fed. Cl. 380, 383 (2009).  To participate in FLSA collective actions, "all plaintiffs must signal in writing their affirmative consent to participate in the action." *Comer v. Wal-Mart Stores, Inc*., 454 F.3d 544, 546 (6th Cir. 2006).  And only "similarly situated" persons may opt into such actions.  *Id*.  Courts typically bifurcate certifications of FLSA collective action cases.  At the notice stage, conditional certification may be given along with judicial authorization to notify similarly situated employees of the action.  *Id*.  Once discovery has concluded, the court—with more information on which to base its decision and thus under a more exacting standard—looks more closely at whether the members of the class are similarly situated.  *Id.* at 547.

Regarding individualized defenses in FLSA opt-in cases, several circuits, including the Sixth Circuit, have held that individualized defenses alone do not warrant decertification where sufficient common issues or job traits otherwise permit collective litigation.  *See Monroe v. FTS USA, LLC*, 860 F.3d 389, 404 (6th Cir. 2017) ("we cannot say that the district court committed a clear error of judgment in refusing to decertify the collective action on the basis of [defendants] claimed right to examine and raise defenses separately against each of the opt-in plaintiffs); *Thiessen v. Gen. Elec. Cap. Corp.*, 267 F.3d 1095, 1111 (10th Cir. 2001) (concluding that district court abused its discretion in decertifying the class because defendants' "highly individualized" defenses could be dealt with at the damages stage of trial).

In the present action, all Plaintiffs, named and unnamed, will share the same position (Assistant General Manager) and have held the title within the last three years. Defendant cannot therefore claim that each plaintiff has an individual defense in order to escape its failure to pay its employees justifiable overtime wages and/or defeat certification. All putative class members would be exempt from the overtime pay requirements of the FLSA and applicable state law, regardless of property location, prior experience, number of assistant managers in a location, etc. The issue instead is whether Defendant's assistant general managers are misclassified as exempt employees under the executive exemption, which will turn on more general questions of fact such as Plaintiff's ability to hire or fire, and her performance of non-managerial tasks (*e.g.*, cleaning, housekeeping, reception desk, and maintenance). Accordingly, Defendant has no constitutional due process right to raise individual defenses against putative class members and this Court should strike Defendant's Affirmative Defense #10.

## III.  DEFENDANT'S AFFIRMATIVE DEFENSE #13 SHOULD BE STRICKEN BECAUSE LEGAL AUTHORITY IN THIS CIRCUIT DOES NOT FAVOR THE RETROACTIVE APPLICATION OF THE HALF-TIME METHOD IN FLSA MISCLASSIFICATION CASES.

Defendant's Affirmative Defense #13 states, "[t]o the extent overtime is owed, it is owed on a half-time basis." (ECF No. 10, PageID. 50.) However, the FLSA "generally requires covered employers to pay... overtime compensation for hours of work exceeding forty (40) in a workweek at a rate of one and on-half times

an employee's regular rate of pay." *Lewis v. Huntington Nat'l Bank*, 833 F.Supp.2d 703 (S.D. Ohio 2012); *Citing* 29 U.S.C. §§ 206(a), 207(a)(1). Moreover, "the FLSA is to be construed liberally to further its broad remedial purpose and that 'exemptions are to be narrowly construed against the employers.'" *Bridewell v. Cinciannti Reds*, 155 F.3d 828, 831 (6th Cir. 1998) (quoting *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392, 80 S.Ct. 453, 4 L.Ed.2d 393 (1960)).

If an employer improperly classified a nonexempt employee as exempt, the employer must compensate the employee for unpaid overtime at time and a half the employee's regular rate of pay. Defendant's Affirmative Defense #13 invokes the fluctuating work week ("FWW") methodology for paying overtime for the proposition that employers do not have to pay time and a half overtime pay to employees misclassified as exempt. The FWW payment method was first articulated by the United States Supreme Court when it held in *Missel* that an employer and employee could legally agree, in certain circumstances, to a compensation arrangement where the employee would be paid a flat weekly rate for fluctuating hours without violating the FLSA, provided that the agreement contained a provision for overtime pay and the wage was sufficient to satisfy minimum wage requirements and offer a premium of at least "fifty per cent for the hours actually worked over the statutory maximum." *Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 581, 62 S.Ct. 1216, 86 L.Ed. 1682 (1942). The FWW half-time calculation under *Missel*

does not differ from the FWW half-time calculation under § 778.114; both *Missel* and § 778.114 use the exact same formula.  *Snodgrass,* 2015 WL 1246640 at *7 (S.D. Ohio Mar. 18, 2015).  Critically, both *Missel* and § 778.114 are silent on the application of the FWW method to misclassification cases.  *Id*.

Defendant's Affirmative Defense #13 overlooks the fact that this Circuit's legal authority has rejected retroactive application of the half-time FWW method in FLSA misclassification cases.  In *Cook. v. Carestar*, *Inc*., No. 2:11-CV-00691, 2013 WL 5477148, at *11 (S.D.Ohio Sept.16, 2013), the trial court rejected the FWW method and found that in a misclassification case an employee's rate of pay must be constructed to what it would have been at "the normal time and a half rate."  Other district courts within the Sixth Circuit have followed suit, rejecting the use of the FWW half-time method in misclassification cases.  *See Stultz v. J.B. Hunt Transp., Inc.,* No. 13–CV–13705, 2014 WL 3708807, at *3 (E.D.Mich. July 28, 2014) (rejecting application of the FWW method and finding that, "Plaintiff is entitled to be compensated for hours worked in excess of forty per week at a rate of 1.5 times his regular hourly rate"); *Cowan v. Treetop Enters.,* 163 F.Supp.2d 930, 941 (M.D.Tenn.2001) (FWW "requires a contemporaneous payment of the half-time premium for an employer to avail itself of the fluctuating workweek provision"); *Heavenridge v. Ace–Tex Corp.,* No. 92–75610, 1993 WL 603201, at *4 (E.D.Mich.

Sept.3, 1993) (finding that FWW does not apply when no clear mutual understanding existed).

Defendant not only rejects authority in this Circuit by raising its affirmative defense, but also authorities elsewhere. *See e.g., McCoy v. N. Slope Borough,* No. 3:13–CV–00064–SLG, 2013 WL 4510780, at \*19 (D.Alaska Aug.26, 2013) ("This Court is persuaded by the reasoning of those district courts that have concluded that the FWW method should not be applied in a misclassification case, particularly in light of the FLSA's remedial purpose."); *Wallace v. Countrywide Home Loans Inc.,* No. SACV 08–1463–JST, 2013 WL 1944458, at \*7 (C.D.Cal. Apr.29, 2013) ("in the context of misclassification cases, the FWW method should not apply"); *Zulewski v. Hershey Co.,* Case No. CV 11B05117BKAW, 2013 WL 633402, at \*6 (N.D.Cal. Feb.20, 2013) ("the retroactive application of the FWW method in the misclassification context does not square with [*Missel*], because [*Missel*] requires an agreement between the parties that the fixed weekly salary was compensation for all straight time [and] such an agreement is not present in misclassification cases"); *Ransom v. M. Patel Enters., Inc.,* 825 F.Supp.2d 799, 808 (W.D.Tex.2011) (rejecting retroactive application of the FWW under § 778.114 and *Missel*). Accordingly, this Court should strike Defendant's Affirmative Defense #13 because it is not a valid affirmative defense in this matter.

## <u>CONCLUSION</u>

For the reasons stated above, Plaintiff respectfully request that this Court strike Defendant's Affirmative Defenses #2, #10 and #13.

Respectfully submitted,
NACHTLAW, P.C.


*/s/ Noah S. Hurwitz*
Noah S. Hurwitz (P74063)
*Attorney for Plaintiff*

Date: August 30, 2021

## **PROOF OF SERVICE**

The undersigned certifies that on this 30th day of August 2021 a copy of the foregoing Motion was filed via the Court's CM/ECF system, which will cause an electronic copy to be served on all counsel of record.

/s/ Karina Alvarez_____
Karina Alvarez, Litigation Paralegal
